IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| JACQUELINE CHARTIAN, | § § § |
| Plaintiff, | § Civil Action No. § |
| v. | § § |
| PLATEAU DATA SERVICES, LLC d/b/a RATEMARKETPLACE.COM, | § **Jury Trial Demanded** § § |
| Defendant. | § § |

# COMPLAINT

JACQUELINE CHARTIAN ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against PLATEAU DATA SERVICES, LLC d/b/a RATEMARKETPLACE.COM ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, *et seq.*, and § 302.101 of the Texas Business & Commercial Code.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3. Supplemental jurisdiction for Plaintiff's related state law claims arises under 28 U.S.C. §1367.

4. This Court has personal jurisdiction over Defendant because Defendant regularly conducts business in the State of Texas and because the occurrences from which Plaintiff's cause of action arises took place and caused Plaintiff to suffer injury in the State of Texas.

5. Venue is proper pursuant to 28 U.S.C. §1391 (b)(2).

## PARTIES

6. Plaintiff is a natural person residing in Houston, Texas 77049.

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

8. Defendant is a business entity with a principal place of business, head office, or otherwise valid mailing address at 6424 East Greenway Parkway, Suite 118, Scottsdale, Arizona 85254.

9. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Plaintiff has a cellular telephone number ending in 9799 that she allows her minor son to use.

12. Plaintiff's minor son has used the cellular phone associated with that number for personal residential purposes.

13. The number beginning with 9799 has an area code 281, which is used in the Houston, Texas area.

14. At all relevant times Defendant was aware it was contacting an individual located in the state of Texas.

15. Defendant sent four unsolicited text messages to Plaintiff's minor son on the cellular telephone number ending in 9799 soliciting mortgage products.

16. Defendant sent text messages on September 26, 2019 at 10:19am and 5:28pm and September 27, 2019 at 11:26am and 5:03pm.

17. Plaintiff did not request information from Defendant and Defendant did not have consent from Plaintiff to send text messages to the number ending in 9799.

18. Plaintiff's telephone number ending in 9799 has been on the Do Not Call Registry since July of 2019.

19. Upon information and belief, when contacting Plaintiff's minor son, Defendant used a dialing system which had the capacity to store or call/text phone numbers using a random or sequential number generator.

20. Upon information and belief, Defendant maintains a stored list of 10 digit telephone numbers of consumers in its database for communication purposes.

21. Upon information and belief, Defendant utilize a "predictive dialing system" which interfaces with software and databases which have the capacity to generate numbers randomly or sequentially.

22. The dialing system used by Defendant texts or calls phone numbers stored in those databases.

23. Accordingly, Defendant's dialing systems have the capacity to dial numbers using a random or sequential number generator.

24. Upon information and belief, Defendant's dialing systems include equipment which dials from the stored list of 10 digit consumer telephone numbers.

PLAINTIFF'S COMPLAINT

25. Upon information and belief, Defendant's dialing systems employ computer code and/or algorithms which result in it randomly or sequentially generating numbers in order to select and dial the stored 10-digit consumer telephone number from the list.

26. Furthermore, upon information and belief, Defendant's dialing systems use computer code and/or algorithms to determine the orders/sequence of calls to be automatically dialed.

27. The operation of the random/sequential number generator, referred to above results in Defendant's dialing system automatically placing calls to the 10 digit telephone numbers in Defendant's stored list(s).

28. Plaintiff believes and avers that Defendant texted her cellular telephone ending in 9799 with an automatic telephone dialing system.

29. While Plaintiff has not had the benefit of discovery, she intends to prove Defendant utilized an automatic telephone dialing system in the course of discovery.

30. Defendant's texts were not made for "emergency purposes".

31. Defendant's texts were annoying, frustrating, upsetting, harassing, and an invasion of Plaintiff and her minor son's privacy.

32. Defendant also failed to register with the Office of the Secretary of State prior to contacting Plaintiff's minor son.

33. Unless a seller qualifies for an exemption, §302.101 of the Texas Business & Commerce Code prohibits sellers from engaging in telephone solicitation to a purchaser located in the state of Texas unless the seller obtains a registration certificate from the Office of the Secretary of State.

34. Texas maintains a searchable database of telephone solicitors who have registered with the Office of the Secretary of State pursuant to this Section. See https://direct.sos.state.tx.us/telephone/TelephoneSearch.asp.

35. The undersigned counsel for Plaintiff confirmed that Defendant did not register with the Office of the Secretary of State by searching this database.

36. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act and Texas Business & Commerce Code.

## COUNT I
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. §227(b)

37. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

38. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

39. Federal Communications Commission (FCC) reasonably interpreted TCPA to prohibit any call, including both voice and text call, using automatic telephone dialing system (ATDS) or artificial or prerecorded message to any wireless telephone number, and thus, "call" within meaning of TCPA included text message to consumers' cellular telephones by publisher and mobile marketing firm to advertise publication of novel. Telephone Consumer Protection Act of 1991, § 3(a), 47 U.S.C.A. § 227(b)(1)(A)(iii). Satterfield v. Simon & Schuster, Inc., 569 F.3d 946 (9th Cir. 2009).

40. Defendant initiated multiple calls and text messages to Plaintiff's telephone number using an automatic telephone dialing system.

41. The dialing system used by Defendant to call Plaintiff's cellular telephone calls telephone numbers without being prompted by human intervention before each call.

42. The dialing system used by Defendant to call Plaintiff has the present and/or future capacity to dial numbers in a random and/or sequential fashion.

43. Defendant's calls and text messages to Plaintiff were not made for "emergency purposes."

44. Defendant's calls and text messages to Plaintiff were without Plaintiff's prior express consent.

45. Defendant contacted Plaintiff despite the fact that Plaintiff's telephone number was on the Do Not Call Registry since July of 2019.

46. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff and her minor son.

47. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

48. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

PLAINTIFF'S COMPLAINT

## COUNT II
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. §227(c)

49. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

50. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered her or her telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

51. Defendant contacted Plaintiff despite the fact that Plaintiff's cellular telephone number has been on the Do Not Call Registry since July of 2019.

52. Defendant called and text messaged Plaintiff on multiple occasions during a single calendar year despite Plaintiff's registration on the Do Not Call list.

53. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

54. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

55. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**COUNT III**
**DEFENDANT VIOLATED § 302.101 OF**
**THE TEXAS BUSINESS & COMMERCE CODE**

56. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length therein.

57. Plaintiff received all calls and texts from Defendant in Texas and is entitled to other relief under Texas law.

58. §302.101 of the Texas Business & Commerce Code prohibits sellers from engaging in telephone solicitation from a location in Texas or to a purchaser located in Texas unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

59. Defendant violated §302.101 of the Texas Business & Commercial Code when its representatives engaged in continuous and repetitive telephone solicitation of Plaintiff without obtaining a registration certificate from the Office of the Secretary of State.

60. §302.302(a) of the Texas Business & Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation. Furthermore, §302.302(d) provides that the party bringing the action is also entitled to recover all reasonable costs of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney fees.

WHEREFORE, Plaintiff, JACQUELINE CHARTIAN, respectfully prays for judgment as follows:

    a.    All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A) and §302.302 of the Texas Business and Commerce Code);

- 8 -

PLAINTIFF'S COMPLAINT

b. Statutory damages of $500.00 per violative text/call (as provided under 47 U.S.C. § 227(b)(3)(B));

c. Additional statutory damages of $500.00 per violative text/call (as provided under 47 U.S.C. §227(c));

d. Treble damages of $1,500.00 per violative text/call (as provided under 47 U.S.C. § 227(b)(3));

e. Additional treble damages of $1,500.00 per text/call (as provided under 47 U.S.C. § 227(c);

f. Statutory damages of $5,000 per violation (as provided under §302.302(a) of the Texas Business & Commerce Code );

g. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to. §302.302(a) of the Texas Business & Commerce Code;

h. Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c)); and

i. Any other relief this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, JACQUELINE CHARTIAN, demands a jury trial in this case.

Respectfully submitted,

Dated: 06/18/2021        By: */s/ Craig Thor Kimmel*
            Craig Thor Kimmel, Esq.
            Kimmel & Silverman, P.C.
            30 East Butler Pike
            Ambler, PA 19002
            Phone: (215) 540-8888
            Facsimile: (877) 788-2864
            Email: teamkimmel@creditlaw.com

PLAINTIFF'S COMPLAINT